# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| CARLYLE FLEMING, | ) |
| Movant, | ) |
| v. | ) No. 4:18-cv-00650-CDP |
| UNITED STATES OF AMERICA, | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is successive.

Movant pled guilty to the charge of conspiracy to commit racketeering. *United States v. Smith, et al.*, 4:11-CR-246-CDP (E.D. Mo.). On May 29, 2012, movant was sentenced to 132 months imprisonment and three years of supervised release. Movant did not file an appeal. On April 20, 2015, movant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Fleming v. United States*, 4:15-CV-655-CDP (E.D. Mo.). The motion was dismissed as untimely on May 25, 2015. Movant appealed the dismissal. On August 31, 2015, the United States Court of Appeals, Eighth Circuit, treated movant's notice of appeal as an application for a certificate of appealability. The Court of Appeals denied the certificate and dismissed the appeal.

Movant filed the instant motion on April 23, 2018. He alleges that his sentence was incorrectly enhanced via U.S.S.G. § 2A2.1(b)(1) based on a charge of attempt to commit murder in aid of racketeering that was dismissed. (Docket No. 1 at 4). Movant alleges that pursuant to

*Nelson v. Colorado*, 137 S.Ct. 1249 (2017), his sentence can no longer be enhanced based on dismissed relevant conduct. *Id*.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) requires that a second or successive § 2255 motion be authorized by a three-judge panel of the court of appeals. *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018). The AEDPA does not provide a definition of "second or successive." *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014). However, for a § 2255 motion to qualify as second or successive, there must first be a prior § 2255 motion that was adjudicated on the merits or dismissed with prejudice. *Id*. at 931.

The dismissal of a federal habeas petition on the ground of untimeliness is a determination "on the merits" for purposes of the successive petition rule. *See, e.g., In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); *Quezada v. Smith*, 624 F.3d 514, 519-20 (2nd Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)" (additional internal quotation marks omitted)).

Movant's § 2255 motion filed on April 20, 2015 was dismissed as time-barred, meaning it was decided on the merits. Accordingly, movant's § 2255 motion of April 23, 2018, qualifies as a second or successive motion. In order to proceed with this motion, movant must receive certification from the court of appeals. Here, movant has not received certification from the Court of Appeals for the Eighth Circuit. As a result the Court may not grant the requested relief. Therefore, movant's request for relief must be dismissed for lack of authorization from the Eighth Circuit.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct illegal sentence pursuant to 28 U.S.C. § 2255 is **DENIED and DISMISSED AS SUCCESSIVE**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. 28 U.S.C. § 2253.

Dated this 11th day of May, 2018.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE